```
             UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION
```

TIMOTHY D. GIFFORD             ]
    Plaintiff,                 ]
                               ]
v.                             ]       No. 3:13-0721
                               ]       Judge Trauger
SHERIFF DARON HALL, et al.     ]
    Defendants.                ]


### M E M O R A N D U M

The plaintiff, proceeding *pro se,* is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Daron Hall, Sheriff of Davidson County; Melissa Chilton, a Commissary contractor; and Sherry Williams; owner of Tennessee Blind Vendors; seeking damages.

According to the complaint, the plaintiff alleges that the commissary at his facility overcharged him for purchases there. When he filed a grievance complaining about it, the commissary, on two occasions, refused to allow him to make purchases.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim that the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76

F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. <u>Wells</u>, *supra*. Plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff has neglected to identify the right or privilege that was violated and the role that each defendant played in the alleged violation. The defendants are never mentioned by name in plaintiff's Statement of Claim and the Court has been given no indication as to how each defendant directly violated the plaintiff's rights. Docket Entry No.1 at pg.3. In fact, it is not entirely clear whether plaintiff's claim arose at his present place of confinement or the Davidson County Criminal Justice Center.

Consequently, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to *sua sponte* dismiss the instant action. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                        _____
                                                                        Aleta A. Trauger
                                                                        United States District Judge